**UNITED STATES of America**

v.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA.**

Civ. A. No. 71-1295.

United States District Court, E. D. Pennsylvania.

April 6, 1972.

T. B. Barnard, Harvey, Pennington, Herting & Renneisen, Philadelphia, Pa., for plaintiff.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is a cause of action instituted by the Government in accordance with the provisions of 31 U.S.C. § 505 to recover $1,000 from defendant insurance company under a surety bond. The operative facts are as follows: On December 22, 1965, defendant executed a surety bond with the United States Department of Interior, effective from January 1, 1966, to and including December 31, 1967. During that period, Charles Atherton, who, as Secretary to the Commission of Fine Arts, was covered under the provisions of the bond, contracted with Meng Te Chang, Bernard F. Locraft, Civil Engineers, to study the feasibility of restoring the existing West Front of the Capitol Building. On July 6, 1967, a formal "Notice of Exception" was taken by the General Accounting Office to the $1,000 payment on the contract on the ground that the contract was not within the proper authority of the Commission of Fine Arts. Thereafter, a demand for payment was made upon defendant, which was refused, and this action followed.

Before the Court is the Government's motion for summary judgment on the grounds that (1) the contract was not within the authority of the Commission of Fine Arts in that the Commission has no authority to render advice on the Capitol Building of the United States, and (2) there is no genuine issue of material fact.

### I.

The Government relies on 40 U.S.C. § 104, which designates the authority of the Commission, providing:

A permanent Commission of Fine Arts is created to be composed of seven well-qualified judges of the fine arts, who shall be appointed by the President, and shall serve for a period of four years each, and until their successors are appointed and qualified. The President shall have au-

thority to fill all vacancies. It shall be the duty of such commission to advise upon the location of statutes, fountains, and monuments in the public squares, streets, and parks in the District of Columbia, and upon the selection of models for statutes, fountains,. and monuments erected under the authority of the United States and upon the selection of artists for the execution of the same. It shall be the duty of the officers charged by law to determine such questions in each case to call for such advice. The foregoing provisions of this section shall not apply to the Capitol Building of the United States and the building of the Library of Congress. The commission shall also advise generally upon questions of art when required to do so by the President, or by any committee of either House of Congress. Said commission shall have a secretary and such other assistance as the commission may authorize, and the members of the commission shall each be paid actual expenses in going to and returning from Washington to attend the meetings of said commission and while attending the same.

The Government argues that the Commission's powers do not extend to the Capitol Building under the sentence which provides: "The foregoing provisions of this Section shall not apply to the Capitol Building and the building of the Library of Congress." The defendant, on the other hand, argues that this provision must be read within the context of the entire statute, and that the statute, taken as a whole, permits the Commission to advise as to the Capitol Building when required to do so by the President or either House of Congress. We agree with defendant in its construction of 40 U.S.C. § 104 and hold, for the following reasons, that the Commission of Fine Arts may advise upon questions regarding the Capitol Building when required to do so by the President, or by any committee of either House of Congress.

In Richards v. United States, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962), the Supreme Court trenchantly stated:

"We believe it fundamental that a section of a statute should not be read in isolation from the context of the whole Act, and in fulfilling our responsibility in interpreting legislation, 'we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy.'" 369 U.S. at 11,. 82 S.Ct. at 591–592. (Footnotes omitted)

In reading 40 U.S.C. § 104 in its entirety, we are convinced from its plain language that the exclusion of advice as to the Capitol Building applies to only the "foregoing" provision; i. e., the selection of statues, fountains and monuments erected under that authority of the United States. The power to advise on questions of art when required by the President or by either House of Congress clearly is an additional power of the Commission, not limited by the Capitol Building exclusion.

Additionally, it must be noted that our construction of 40 U.S.C. § 104 is in no way inconsistent with the provision of 40 U.S.C. § 166 which establishes the office of Architect of the Capitol, in that the Commission may not generally advise on matters pertaining to the Capitol Building, but may do so only when required by the appropriate authorities. We, therefore, will deny the Government's motion for summary judgment on the question of law.

II.

Factually, defendant has enclosed in its brief a letter from Congressman Frank Thompson, Jr., Chairman of the Special Subcommittee on Labor, stating: "I initiated this study by an oral request to Mr. William Walton, then Chairman of the Commission of Fine Arts. Although I cannot recall the exact date of the request, it was made sometime around the beginning of 1966." This

request, although subject to proof, would authorize the Commission to make a contract for the study of the Capitol Building. Thus, the question whether this request was made prior to the date of the contract raises a genuine issue of material fact, and, accordingly, the Government's motion for summary judgment will be denied.